UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-cr-00012-CCB-SJF |
| ) | |
| ) | |
| VANCE WHITE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is the Defendant's Motion to Reconsider Modify Terms of His Pretrial Release to Allow Defendant to Travel to the Central District of Illinois. The Government filed its Response opposing the Motion to Modify. For the reasons set forth below, the Defendant's motion is denied.

On February 12, 2025, the Grand Jury returned an indictment against Defendant alleging three counts of wire fraud. On February 25, 2025, Defendant was released from custody subject to certain conditions and restrictions, including the standard condition of release that Defendant cannot travel outside of the Northern Districts of Indiana and Illinois. The trial is scheduled for August 26, 2025.

Defendant filed his initial motion to travel on April 24, 2025, asking for permission to travel throughout the continental United States for official business. In the first motion, the Defendant gave no reason for the travel other than for "official business." Defendant did not identify where he wished to travel, or for how long, did

not limit his request for travel to any specific dates or location, and did not explain where he would reside during the travel. The only item of support for his motion was a letter attached as Exhibit 1 [DE 20-1], which purports to be from the Board of Directors at the School of Opulence located at 1817 E. 71st Street, Chicago, Illinois. The letter did not add any additional information concerning Defendant's travel plans. Instead, it was essentially a character letter of support for Defendant.

The Government opposed Defendant's first motion to modify. In its opposition filing, the Government explained that a government investigator went to the purported address for the School of Opulence but could not find any indication that the business operated there. The investigator reported that the space appeared to be abandoned with no organization operating at that address. Accordingly, the Court denied the motion.

Defendant now asks the Court to reconsider the denial of his motion to modify the terms of his pretrial release. The only additional information contained in the motion to reconsider is an email from the probation officer indicating that she does not object to the Defendant's travel to the Central District of Illinois. But the motion does not explain the discrepancy between the address for the School of Opulence and the apparent lack of any entity in operation at the address, nor does the motion add any detail to the Defendant's request regarding his need to travel to the Central District of Illinois, or the details of the proposed trip such as a specific address, length of time, or method of travel to and from the desired destination.

Moreover, the Government explains in opposition to the motion to reconsider that it conferred with the probation officer about the lack of objection. The Government states that the probation officer has now explained that the initial response related to a question about specific work-related travel, not about a blanket modification for travel to the Central District of Illinois. Accordingly, the probation officer also opposes the Defendant's request in the motion for reconsideration.

The Court is normally inclined to grant reasonable requests for travel that contain the purpose for the travel, a specific address, specific dates of travel and the method of travel.  Defendant has now made two open ended requests to modify the terms and conditions of release and has failed each time to provide the details routinely expected by the Court to support the request. Defendant's request is also concerning for other reasons.  Defendant submitted an exhibit that purports to be a character reference from a specific entity located at 1817 E. 71st Street, Chicago, Illinois and the government's investigation determined that the address apparently consisted of an abandoned space with no organization operating at that address.  The Defendant has offered no explanation or counter-narrative for this discrepancy.

Based on the deficiencies in Defendant's motions as described above, and because of the unexplained discrepancy between the letter submitted by Defendant to support his motions and the assertions of the government regarding its investigation, the Defendant's Motion to Reconsider Order Regarding Terms of his Pretrial Release can only be DENIED. [DE 24].

**SO ORDERED** this 8th day of May 2025.

                                                      s/Scott J. Frankel
                                                     Scott J. Frankel
                                                     United States Magistrate Judge